**GOVERNMENT EMPLOYEES INSURANCE COMPANY, Plaintiff,**

v.

**John ROZMYSLOWICZ and the United States of America, Defendants.**

**UNITED STATES of America, Plaintiff,**

v.

**GOVERNMENT EMPLOYEES INSURANCE COMPANY, Defendant.**

**Nos. 75 C 1351 and 75 C 2197.**

United States District Court, E. D. New York.

April 24, 1978.

Montfort, Healy, McGuire & Salley, Mineola, N. Y. (E. Richard Rimmels, Jr., Mineola, N. Y., of counsel), for Government Employees Ins. Co.

David G. Trager, U. S. Atty., Brooklyn, N. Y. (Richard L. Huffman, Brooklyn, N. Y., and Diane R. Eisner, New York City, of counsel, with Gary Levy, Law Student, on the brief), for United States of America.

Scheyer, Jellenik & Attonito, Smithtown, N. Y., for John Rozmyslowicz.

MEMORANDUM

NICKERSON, District Judge.

In these actions, which in an opinion dated December 5, 1977, the court concluded

should be consolidated, Government Employees Insurance Company ("GEICO") moves to reargue the court's conclusion that summary judgment should be granted to the United States.

GEICO had insured one Charles Fabisiak under a policy on a 1967 Volkswagen operated by him when an accident occurred on May 12, 1974. John Rozmyslowicz, a corporal on active duty with the United States Marine Corps and a passenger in the Volkswagen, sustained injuries in the accident. The United States, which is required by 10 U.S.C. § 1074 to provide medical care to members of the armed forces, incurred expenses for such care for Rozmyslowicz, and he assigned to the United States any claim for the medical care required due to the accident.

GEICO brought action in the New York State Supreme Court, Nassau County, against Rozmyslowicz and the United States and asked for a judgment declaring that neither he nor the United States was entitled to recover "no fault" benefits for the expense of the medical care furnished by the United States, or in the alternative, if either was entitled, declaring which. The United States removed the action to this court (75 C 1351).

Thereafter the United States brought action in this court against GEICO (75 C 2197) and sought reimbursement of the medical expenses.

The United States then moved for summary judgment urging various theories, among them that it was a third party beneficiary under the insurance policy issued by GEICO. This court in its December 5, 1977 opinion assumed that the policy's "Coverage C–Automobile Medical Payments", which undertook to pay the expenses incurred to or "for" any person injured, was applicable and held that the United States could recover as third party beneficiary. It appears, however, that a rider to the policy excluded "Coverage C–Automobile Medical Payments", and that the court's opinion was based on an erroneous assumption. Reargument is therefore granted, and the court again considers the merits.

The policy provides under the heading "Mandatory Personal Injury Protection" that the "Company will pay first party benefits to reimburse *for basic economic loss sustained by an eligible injured person* on account of personal injuries" caused by the accident (emphasis supplied). The policy defines "Basic economic loss" as "medical expense, work loss and other expense" and "eligible injured person" to include "any person who sustains a personal injury arising out of the [operation of the vehicle] not occupying another motor vehicle." Since the United States incurred a "basic economic loss" due to the injuries to Rozmyslowicz, an "eligible insured person", the United States argues that it may recover under the terms of the policy. Indeed, Judge John T. Curtin so held in *United States v. Leonard et al.*, 448 F.Supp. 99 (W.D.N.Y.1978), construing identical policy language.

Judge Curtin quoted the language of the policy reciting that the company will pay "to reimburse for basic economic loss sustained by an eligible injured person on account of personal injuries" and held that this wording "does not limit the right to reimbursement to the person sustaining the injury" but "extends to whomever incurs the expense on behalf of the eligible injured person."

The difficulty with that interpretation is that the policy language does not provide for a reimbursement of "basic economic loss due to personal injuries sustained by an eligible insured person." The language requires reimbursement only "for basic economic loss sustained by" the eligible insured person. Yet here Rozmyslowicz has "sustained" no "economic loss" for medical services though he has sustained injuries. He had no obligation to lay out funds for his medical needs since by law the United States was required to care for him. Since he "sustained" no "economic loss" due to medical care he has no right to recover under the policy for any expenses incurred for that care and has no rights to which the United States might succeed. In the opinion of this court the language of the policy

**70**

is thus an inadequate ground for the claim of the United States.

However, Section 11 of the New York Laws of 1973, Chapter 13, provides that "any policy of insurance obtained to satisfy" the no fault law "which does not contain provisions complying with the requirements" of the law "shall be construed as if the provisions required" by the law "were embodied therein." The court thus must look to the provisions of the New York Insurance Law itself. Section 672(1) provides in pertinent part that every owner's policy of liability insurance issued on a motor vehicle in satisfaction of the "no fault" law shall provide for the payment of first party benefits to "persons, other than occupants of another motor vehicle, for loss arising out of the use or operation" of such motor vehicle. The United States, which is a person other than an occupant of another vehicle, incurred a "loss" in the form of expenses for medical treatment. "Basic economic loss" is defined in section 671(1) to include medical · expenses up to $50,000. The loss in this case arose "out of the use or operation" of the vehicle. It follows that the United States may recover under the terms of the Insurance Law which are to be read into the policy. The motions to reargue and to consolidate are granted. The motion of the United States for summary judgment is granted. Settle order.