**Jack PARROTT**

v.

**COMMISSIONER SSA.**

No. 9:95–CV–256.

United States District Court,
E.D. Texas,
Lufkin Division.

Jan. 24, 1996.

James H. Shoemake, Pope Shoemake Selwyn Kerr & Hendershot, Houston, TX, for Jack Parrott.

### MEMORANDUM ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING THE REPORT OF THE MAGISTRATE JUDGE

HEARTFIELD, District Judge.

This action seeks judicial review of the Commissioner of the Social Security Administration's decision denying plaintiff's application for disability benefits. Pending is defendant's motion to dismiss, which contends plaintiff's complaint was not timely filed.

The motion was referred to United States Magistrate Judge Earl S. Hines pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for disposition of the case.

### I. The Magistrate Judge's Report

The Commissioner, relying on 42 U.S.C. § 405(g) and 20 C.F.R. § 422.210(c), argued to the magistrate judge that the complaint was barred by limitations because it was filed more than sixty days after receipt by plaintiff of the Appeals Council's letter denying review of the ALJ's disposition of plaintiff's benefits application. In response, plaintiff argued that although the complaint was received by the district court clerk after the statutory sixty day period for filing, complaints may be considered timely filed if mailed before the sixty day period expires. Plaintiff relied on *Walker v. Secretary of HEW*, 449 F.Supp. 63 (E.D.Mich.1978).

The magistrate judge on December 14, 1995 submitted a report which examined *Walker*. The magistrate judge determined *Walker* was inapplicable to the facts of this case. Thus, the magistrate judge concluded that plaintiff's complaint was not timely filed, and recommended that defendant's motion to dismiss be granted.

### II. Objections

Plaintiff timely filed objections to the report and recommendation on December 21, 1995. This requires *de novo* review of the specific portions of the report to which objections have been made. FED.R.CIV.P. 72(b).

Plaintiff does not challenge or impugn the magistrate judge's analysis of arguments raised before the magistrate judge.[1] Instead, plaintiff now raises an entirely new theory,. *viz.*, constructive possession of the complaint by the clerk prior to the expiration of the filing deadline.

Plaintiff's new theory is this: when a complaint has been mailed on a date early enough in advance that it is highly likely to be received on time, there is a presumption that it *has* been received on time and is sitting in the clerk's post office box but

---

1. To the contrary, plaintiff specifically embraces assumptions made *arguendo* by the magistrate judge that in computing the presumed date of receipt of the Appeals Council decision pursuant to 20 C.F.R. § 422.210(c), the plaintiff could exclude Saturdays, Sundays and holidays under FED.R.CIV.P. 6(a).

---

hasn't been processed by the clerk. *See, e.g., Tucker v. Secretary of HHS*, 684 F.Supp. 556 (N.D.Ind.1988); *Wiss v. Weinberger*, 415 F.Supp. 293 (E.D.Pa.1976) (dicta). Thus, plaintiff essentially objects to the magistrate judge's finding that the complaint was received by the clerk after the filing deadline.

## III. Discussion

After conducting *de novo* review of the magistrate judge's report, plaintiff's objections, and the entire record in this matter, the court concludes that the objections should be denied or overruled.

In the court's discretion, parties may be barred from presenting legal theories before the district judge that they failed to raise in the first instance before the magistrate judge.[2] Here, the record reflects no justification for waiting to raise the "constructive possession" argument until after receiving an adverse recommendation from the magistrate judge. Moreover, the new argument directly conflicts with plaintiff's original response to the motion to dismiss wherein plaintiff acknowledged the complaint was received by the clerk after the deadline.[3]

Finally, plaintiff has not presented in his objections any specific evidence to support the new theory. For example, plaintiff did not submit evidence of specific delivery routes or travel times for mail traveling between Houston and Lufkin, Texas.[4] Nor did he demonstrate that the delay, if any, was unusually lengthy. Also omitted was any explanation why the complaint could not have been mailed earlier to account for ordinary delay.[5]

Under these circumstances, sound discretion augers against entertaining plaintiff's new theory.

Accordingly, the findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendations.

---

**2.** *See, e.g., Paterson–Leitch Co. v. Massachusetts Municipal Wholesale Elec. Co.*, 840 F.2d 985, 991 (1st Cir.1988):

> We hold categorically that an unsuccessful party is not entitled as of right to de novo review by the judge of an argument never seasonably raised before the magistrate.... The role played by magistrates within the federal judicial framework is an important one. They exist "to assume some of the burden imposed [on the district courts] by a burgeoning caseload." *Chamblee v. Schweiker*, 518 F.Supp. 519, 520 (N.D.Ga.1981). The system is premised on the notion that magistrates will "relieve courts of unnecessary work." *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 605 (1st Cir.1980) Systemic efficiencies would be frustrated and the magistrate's role reduced to that of a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round.

*See also Cupit v. Whitley*, 28 F.3d 532, 535 n. 5 (5th Cir.1994), *cert. denied*, —— U.S. ——, 115 S.Ct. 1128, 130 L.Ed.2d 1091 (1995) (citing *Paterson–Leitch*); *Greenhow v. Secretary of HHS*, 863 F.2d 633, 638 (9th Cir.1988); *Scholes v. Stone McGuire & Benjamin*, 786 F.Supp. 1385, 1394 (N.D.Ill.1992); *Jesselson v. Outlet Assocs. of Williamsburg*, 784 F.Supp. 1223, 1228 (E.D.Va. 1991).

**3.** "The Complaint was mailed to the Court on July 20, 1995. The complaint was received and filed by the Court on July 25, 1995." Plaintiff's Response to Defendant's Motion to Dismiss at 2.

**4.** *See, e.g., Johansson v. Towson*, 177 F.Supp. 729 (M.D.Ga.1959).

**5.** *See Karimian–Kaklaki v. INS*, 997 F.2d 108 (5th Cir.1993); *Brown v. Director, Office of Workers' Compensation Programs, U.S. Dept. of Labor*, 864 F.2d 120 (11th Cir.1989).