Franklyn E. **AIKENS**, Plaintiff,

v.

Donna E. **SHALALA**, Secretary, Department of Health and Human Services, Defendant.

Civil Action No. 92–2441(RMU).

United States District Court, District of Columbia.

Feb. 19, 1997.

**9.** The Pacific Bank's claim with the Official Liquidators has been denied. *See* Supplemental

Memorandum (filed Apr. 28, 1994).

Karen N. Walker, Susan K. Fitch, Kirkland & Ellis, Washington, DC, for Plaintiff.

Claire Whitaker, Wyneva Johnson, Assistant U.S. Attorneys Office, Washington, DC, for Defendant.

## MEMORANDUM OPINION AND ORDER

URBINA, District Judge.

**Adopting in Part and Modifying in Part Magistrate Judge Alan Kay's Report and Recommendation and Remanding the Case to the Social Security Administration**

### I. Introduction

This matter comes before the court upon plaintiff's (Mr. Aikens) and defendant's (Secretary) objections to the Report and Recommendation (report) issued by Magistrate Judge Alan Kay on February 5, 1996. Pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), Mr. Aikens seeks judicial review of a final decision issued by the Social Security Administration (SSA) terminating the Supplemental Security Income (SSI) benefits he received under Title XVI of the Social Security Act. Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 504, this court referred plaintiff's motion for judgment of reversal of an Administrative Law Judge's (ALJ) affirmance of the SSA's decision to terminate plaintiff's SSI benefits. The Secretary's motion for judgment of affirmance of that decision was also referred to Magistrate Judge Kay. The principal issue before the Magistrate Judge and now before this court is whether or not the ALJ applied the correct legal standard in determining whether Mr. Aikens was entitled to SSI benefits. That is, the court must determine whether the ALJ should have considered Mr. Aikens' medical condition at the time he was contemplating Mr. Aikens' appeal (at the time of the 1992 disability hearing) or whether the ALJ should have only considered evidence relating to Mr. Aikens' medical condition at the time of the original cessation decision (November 30, 1981).

The Magistrate Judge concluded, relying on a Court of Appeals for the Sixth Circuit case, that the applicable statutory provision of the Reform Act of 1984, 42 U.S.C. § 1382c(a)(4), required the ALJ to consider evidence relating to Mr. Aikens' medical condition at the time of the hearing. In her objections, the Secretary argues that the Magistrate Judge incorrectly construed the governing provision. The Secretary contends that the provision contains ambiguous language and therefore the Magistrate Judge should have deferred to the agency's construction of the statute. The agency construes the provision as requiring the ALJ to only consider evidence of Mr. Aikens' condition at the time of the original cessation decision. After considering the parties' objections, the Magistrate Judge's report, and the applicable law, the court concludes that the ALJ was required to consider Mr. Aikens' condition at the time of the 1992 hearing.

## II.  Background [1]

This case presents a long and tortured factual chronology that spans over 15 years. Mr. Aikens is presently 64 years old. He has suffered from pulmonary tuberculosis for several decades and has been hospitalized on numerous occasions as a result of his medical condition. Mr. Aikens has also suffered (and apparently still suffers) from mental illness. Mr. Aikens first applied for SSI benefits on September 30, 1976. The SSA denied his application. Mr. Aikens then sought a hearing before an Administrative Law Judge (ALJ) who found him to be disabled as of June 13, 1977, because he suffered from pulmonary tuberculosis, class III. He began receiving SSI benefits on June 14, 1977. On November 24, 1981, the SSA notified Mr. Aikens that it terminated his benefits on August 1981 as a result of his failure to submit the names of his treating sources and because of his failure to attend three consultative treating exams.

Mr. Aikens appealed. He exhausted the administrative appeals process. On July 21, 1983, he filed suit in this court. The SSA moved to remand the case to the Department of Health and Human Services for reconsideration of the decision terminating Mr. Aikens' benefits pursuant to the Social Security Disability Benefits Reform Act of 1984 (Reform Act). The Reform Act requires that there be "substantial evidence" supporting the SSA's findings vis-a-vis the termination of an individual's benefits. The Act set forth a new medical standard of review to assess whether an individual previously declared disabled was entitled to a continuation of benefits. *See* 98 Stat. 1794, 1796097. On December 6, 1985, the SSA promulgated new regulations that implemented a new "medical improvement review standard" (MIRS). *See* 50 Fed.Reg. 50, 118 (1985). The regulations set forth an eight-step test for assessing whether an individual who had previously been declared disabled was entitled to a continuation of his benefits. Under MIRS, the SSA is required to determine:

> [I]f there has been any medical improvement in your impairment(s) and, if so, whether this medical improvement is related to your ability to work. If your impairment(s) has not so medically improved, we must consider whether one or more of the exceptions to medical improvement applies. If medical improvement related to your ability to work has not occurred and no exception applies, your benefits will continue. Even where medical improvement related to your ability to work has occurred or an exception applies, in most cases ... we must also show that you are currently able to engage in substantial gainful activity before we can find that you are no longer disabled.

20 C.F.R. § 416.994(b) (1994).[2]

Applying this new standard, the SSA once again denied Mr. Aikens SSI benefits because it found that his disability ceased on November 30, 1981. Mr. Aikens requested reconsideration of that decision by an ALJ. On June 30, 1992, a hearing took place before ALJ Jan J. Michalski. On August 12, 1992 ALJ Michalski issued a decision in which he

---

1.  The facts of this case are derived from the administrative record, the report, and the parties' submissions.

2.  The MIRS requires the SSA to examine 8 factors:

    (i)   whether the claimant is engaging in substantial gainful activity;

    (ii)  if not, whether the claimant has an impairment or combination of impairments meeting or equal to the severity of a listed impairment;

    (iii) if not, whether there has been medical improvement in the claimant's condition;

    (iv)  if so, whether medical improvement is related to the claimant's ability to work;

    (v)   if there has been no medical improvement or if it is not related to the claimant's ability to do work, whether any of the exceptions apply;

    (vi)  if there has been medical improvement, whether all the claimant's current impairments in combination are severe;

    (vii) if the claimant's current impairments are severe, whether given the current impairments the claimant is able to engage in the type of work done by the claimant in the past; and

    (viii) if the claimant is not able to do work he has done in the past, the SSA will consider, whether, taking the claimant's current impairments and age, education, and past work experience into consideration, the claimant is able to engage in other substantial gainful activity.

20  C.F.R. § 416.994(b)(5)(i-viii) (1994).

indicated that the issue before him was "whether the claimant continued to be entitled to disability benefits ... under [the Social Security Act], as of November 30, 1981," the date of the original cessation determination. In applying the MIRS eight-step inquiry, the ALJ limited his findings under steps (ii) through (viii) to Mr. Aikens' condition as it existed on November 30, 1981. *See* note 2 at 3–4. ALJ Michalski denied Mr. Aikens' appeal because, in his view, as of November 30, 1981 Mr. Aikens was no longer disabled. Mr. Aikens' administrative appeal of the ALJ's decision was denied. On October 30, 1992, Mr. Aikens appealed to this court.

## III. Discussion

### A. Statutory Framework

This case turns on the correct interpretation of the standard of review that governs the SSA's determination that Mr. Aikens was no longer entitled to SSI benefits. The SSA's determination cannot be upheld if it is the result of an error of law. *Smith v. Bowen*, 826 F.2d 1120, 1121 (D.C.Cir.1987). Failure on the part of the SSA "to apply the correct legal standards or to provide the reviewing court with the sufficient basis to determine that the correct legal principles have been followed is ground for reversal" of the SSA's decision. *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir.1982). The applicable standard is set forth in Section 2 of the Social Security Benefits Amendments of 1984, codified at 42 U.S.C. § 1382c(a)(4). This provision provides, in pertinent part,

> (4) A recipient of benefits based on disability under this subchapter may be determined not to be entitled to such benefits on the basis of a finding that the physical or mental impairment on the basis which such benefits are provided has ceased, does not exist, or is not disabling only if such finding is supported by—
> (A) in the case of an individual who is age 18 or older—
>> (i) substantial evidence which demonstrates that—
>> (I) there has been any medical improvement in the individual's impairment or combination of impairments (other than medical improvement

which is not related to the individual's ability to work), and

> (II) the individual is now able to engage in substantial gainful activity; or
> [ ]
> ... Any determination under this paragraph shall be made on the basis of all the evidence available in the individual's case file, including new evidence concerning the individual's prior or current condition which is presented by the individual or secured by the Secretary....

42 U.S.C. § 1382c(a)(4) (West 1992 & Supp. 1995).

The SSA interprets this provision to require the ALJ to only consider evidence of Mr. Aikens' medical condition existing at the time of the original cessation decision, in this case November 30, 1981. The SSA therefore contends that the only relevant time periods are the time of the most recent favorable decision and the time of the cessation determination. Mr. Aikens, on the other hand, contends that the ALJ erred as a matter of law when he limited the application of the new medical improvement review standard to evidence concerning his condition as it existed on November 30, 1981. In his view, the ALJ should have considered his condition as it existed at the time of the 1992 hearing.

"In reviewing an agency's construction of a statute, [the court must] first ask whether Congress has spoken unambiguously with respect to the issue at hand. If it has, [the court must] give effect to Congress' intent. If not ... [the court must] defer to the agency's interpretation if it represents a permissible construction of the statute." *Consumer Federation of America and Public Citizen v. U.S. Dept. of Health and Human Services*, 83 F.3d 1497, 1503 (D.C.Cir.1996). Relying on the plain meaning of 42 U.S.C. § 1382c(a)(4), the Court of Appeals for the Sixth Circuit concluded that the statute was unambiguous.

The Sixth Circuit is the only court of appeals to have construed the provision at issue in this case. It did so in *Difford v. Secretary of Health and Human Services*, 910 F.2d

1316, 1320 (6th Cir.1990).[3] The facts of *Difford* and this case are substantially the same. In *Difford*, the plaintiff applied for SSI benefits and began receiving benefits from the date that his disability began, April 2, 1976. *Id.* at 1317. On August 31, 1982, his benefits were terminated because the SSA found the plaintiff to no longer be disabled. *Id.* The SSA denied his appeals and on January 28, 1988, an ALJ affirmed the agency's decision finding that the plaintiff's disability ceased as of June 1982. *Id.* The ALJ only considered evidence existing at the time of the 1982 decision. *Id.*

In *Difford*, as in this case, the plaintiff argued that the statutory language makes it clear that the ALJ must assess the plaintiff's condition at the time of the hearing. *Id.* at 1319. Conversely, the SSA argued, as it presently does, that the term "current" as used in the statute related only to the time of the cessation decision under review by the ALJ. *Id.* It is the SSA's position that if an individual's health has deteriorated since the time of the original cessation decision to the point that he is once again disabled, the individual should file a new application for benefits. Therefore, the SSA contended that the only relevant time period was the time of the most recent favorable decision and the time of the cessation determination. *Id.* In *Difford*, the court found "that the plain meaning of statutory references to 'now' and 'current' compels a consideration of an individual's ability to perform substantial gainful activity at the time of the hearing." *Id.* at 1320. The court also considered the language found in the latter three steps of the MIRS test. *Id.* at 1317.[4] In the court's view, the SSA's position would require "a contortion of the legislative intent as evidenced by the plain language of the statute." *Id.* at 1320.[5]

In its motion for judgment of affirmance, the Secretary argued that the ALJ in fact considered Mr. Aikens' medical condition existing at the time of the 1992 hearing. In the alternative, the SSA argued that the ALJ was not required to do so because he was not bound by the Acquiescence Ruling. The Magistrate Judge rejected both arguments. The Magistrate Judge concurs with the Sixth Circuit's interpretation of the statutory provision and recommends that this court remand the case to the ALJ so that he may consider all pertinent evidence relating to Mr. Aikens' condition at the time of the 1992 hearing. The Magistrate found, upon a review of the ALJ's written decision of August 12, 1992, that it was unclear whether or not the ALJ had indeed considered plaintiff's medical condition as of the 1992 hearing or whether he had instead limited his evaluation of Mr. Aikens' condition to the time of the original cessation decision. Although the Magistrate Judge states that, in his view, it is unclear what the ALJ considered, he goes on to state that the record does not support

---

**3.** In *Difford*, the court interpreted 42 U.S.C. § 423(f) which applies to benefits received under Title II of the Social Security Act (old age, survivors, and disability insurance or OASDI). However, the standard governing the determination of whether an individual is disabled is applicable to both OASDI benefits and Title XVI SSI benefits (the type of benefits Mr. Aikens received). *See* 98 Stat. 1794, 1794–95 (1984).

**4.** The steps it considered are:
(6) If medical improvement is shown to be related to your ability to do work or if one of the first group of exceptions to medical improvement applies, we will determine whether *all your current impairments, (in combination)* are severe ... This determination will consider all your current impairments and the impact of the combination of those impairments on your ability to function;
(7) If your impairment(s) is severe, we will assess your *current ability to engage in substantial gainful activity* ... That is we will assess your residual functional capacity based on all your current impairments and consider whether you can still do work you have done in the past. If you can do such work, disability will be found to have ended;
(8) If you are not able to do work you have done in the past, we will consider one final step. Given the residual functional capacity assessment and considering your age, education and past work experience, can you do other work? If you can, disability will be found to have ended. If you cannot, disability will be found to continue.
20 C.F.R. § 404.1594(f)(6)-(8) (1989) (emphasis in the original).

**5.** The SSA limits the Sixth Circuit's holding to the disability cases it reviews in the states that encompass that jurisdiction. *See* Social Security Acquiescence Ruling 92–2(6), 57 Fed.Reg. 9262, 9263(1992).

the SSA's position that the ALJ did consider Mr. Aikens' condition at the time of the 1992 hearing. Consequently, the Magistrate Judge recommends that this court remand the case to the SSA and direct the ALJ "to explain whether he considered evidence of Plaintiff's medical condition post–1982 and if he did consider such evidence, why evidence in the record pertaining to Plaintiff's health after 1982 was insufficient to continue Plaintiff's disability benefits." Report at 10. The Magistrate Judge also recommends that Mr. Aikens' request for attorneys' fees and costs be denied.

### B. Objections to Report

#### 1. Objections to Magistrate Judge Kay's Conclusions

■ Both parties have submitted objections to the Magistrate Judge's report. The Federal Magistrate's Act provides that a "judge of the [district] court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). When a district court assigns a dispositive motion to a Magistrate Judge and the Magistrate issues a report, a party dissatisfied with the report has a well-delineated obligation.

> A party objecting to the recommended disposition of the matter shall promptly arrange for the transcription of the record, or portions of it as all parties may agree upon or the magistrate deems sufficient.... Within 10 days after being served with a copy of the recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations.... The district judge ... shall make a de novo determination upon the record, or after additional evidence, or any portion of the magistrate's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate with instructions.

Fed.R.Civ.P. 72(b). This rule does not permit a litigant to present new initiatives to the district judge. *Paterson–Leitch Co., Inc., v.*

*Massachusetts Municipal Wholesale Electric Co., et al.,* 840 F.2d 985, 990 (1st Cir.1988); *see also* discussion at pp. 21–24, *infra.* Therefore only those issues that the parties have raised in their objections to the Magistrate Judge's report will be reviewed by this court. *Keating v. Sec. of Health and Human Services,* 848 F.2d 271, 275 (1st Cir. 1988).

Mr. Aikens essentially raises two objections. First, he objects to the Magistrate Judge's recommendation that this court remand the case to the SSA for the ALJ to consider post–1982 evidence of his medical condition to determine if he is currently disabled because the Magistrate Judge concluded that if the ALJ had considered his current condition (at the time of the 1992 hearing), the ALJ would have found him disabled. Mr. Aikens thus requests that this court reverse the SSA's decision and only remand the case for an award of benefits, including back benefits. Second, Mr. Aikens objects to the Magistrate Judge's recommendation that this court deny his request for attorneys' fees and costs because no such application has been filed and as such, it would be premature for this court to rule on this issue.

The SSA objects to the Magistrate Judge's recommendation that this court follow *Difford.* The SSA takes the position that when it decides a claimant's appeal of the cessation determination, the agency should only consider the claimant's condition at the time of the original cessation determination, not the claimant's condition at the time of the disability hearing. The SSA contends that the Magistrate Judge failed to give its interpretation of the governing statute and regulations the deference in is entitled to under *Chevron, U.S.A., Inc. v. Natural Resources Defense Council,* 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). Consequently, the SSA urges this court not to follow the Sixth Circuit's holding in *Difford.*

Importantly, in her objections the Secretary does not request that this court reject the Magistrate Judge's conclusion that the ALJ did not consider Mr. Aikens' condition existing at the time of the 1992 hearing. In fact, in her objections the Secretary concedes

this point. She states: "In this case, the ALJ properly reviewed the agency decision within fixed parameters, beginning with plaintiff's last favorable determination ... and ending with the determination of cessation on November 1981 ." Secretary's Objections to Report at 7.[6] Nor does the SSA object to the Magistrate Judge's and the Sixth Circuit's conclusion that the words "now" and "current" are unambiguous.

■ The Magistrate Judge, pursuant to Local Rule 504(b), expressly placed the Secretary on notice that "the written objections must *specifically identify the portion* of the report ... to which objection is made, and the basis for such objections." Report at 11 (emphasis supplied); *see also* Local Rule 504(b). Since the SSA did not object to these conclusions, this court need not review them. *See Keating,* 848 F.2d at 275 (holding that "only those issues fairly raised by the objections to the magistrate's report are subject to review in the district court and those not preserved by such objection are precluded on appeal"); *Anna Ready Mix, Inc. v. N.E. Pierson Const. Co.,* 747 F.Supp. 1299, 1302 (S.D.Ill.1990) (stating that "[t]he objections filed by the parties should clarify those areas of a magistrate's report which are in dispute"). This is so because the SSA has acquiesced to those portions of the Magistrate Judge's report to which it has not objected. *Keating,* 848 F.2d at 275; *see also Templeman v. Chris Craft Corp.,* 770 F.2d 245, 247 (1st Cir.), *cert. denied,* 474 U.S. 1021, 106 S.Ct. 571, 88 L.Ed.2d 556 (1985); *Smith v. Detroit,* 829 F.2d 1370, 1374 (6th Cir.1987). Furthermore, objecting to only certain portions of the Magistrate Judge's report "does not preserve all the objections one may have." *Wilson v. McMacken,* 786 F.2d 216, 220 (6th Cir.1986); *see also* Fed. R.Civ.P. 72(b). Accordingly, the court adopts these recommended conclusions.[7]

■ Even if this court gave the Secretary the benefit of the doubt and construed her submission as objecting to the Sixth Circuit's construction of the words "now" and "current," the court would nevertheless concur with the Sixth Circuit's now established interpretation of 42 U.S.C. § 1382c(a)(4). *See Difford v. Sec. of Health and Human Services,* 910 F.2d 1316 (6th Cir.1990); *see also Henley v. Commissioner of Social Security,* 58 F.3d 210, 211 (6th Cir.1995). The plain meaning of the statute, the legislative history and the SSA's own regulations compel this construction. Although the Secretary faults

---

**6.** Moreover, after an independent review of the record, the court concurs with the Magistrate Judge and finds that the ALJ did not consider such evidence.

**7.** A majority of the circuits have a longstanding rule that the failure of a party to object to either the factual or legal aspects of a Magistrate Judge's recommendations waives the opportunity to challenge the district court's adoption of those recommendations. *See United States v. Walters,* 638 F.2d 947, 949–50 (6th Cir.1981); *Video Views, Inc. v. Studio 21, Ltd.,* 797 F.2d 538, 539 (7th Cir.1986); *Niehaus v. Kansas Bar Ass'n,* 793 F.2d 1159, 1164–65 (10th Cir.1986); *United States v. Schronce,* 727 F.2d 91, 93–94 (4th Cir.), *cert. denied,* 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984); *McCarthy v. Manson,* 714 F.2d 234, 237 (2d Cir.1983); *United States v. Lewis,* 621 F.2d 1382, 1386 (5th cir.1980), *cert. denied,* 450 U.S. 935, 101 S.Ct. 1400, 67 L.Ed.2d 370 .(1981); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603, 605 (1st Cir.1980). Our court of appeals has yet to enter this fray. The U.S. Supreme Court in *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), however, noted that such a rule was "supported by sound considerations of judicial economy," *Id.* at 147, 106 S.Ct. at 471, and was entirely consistent with the Federal Magistrate Act, *Id* at 148–53, 106 S.Ct. at 471–74, and with the Constitution. *Id.* at 153–55, 106 S.Ct. at 473–75. The Court was of the view that:

> [The rule], by precluding appellate review of any issue not contained in objections, prevents a litigant from 'sandbagging' the district judge by failing to object and then appealing. Absent such a rule, any issue before the magistrate would be a proper subject for appellate review. This would either force the court of appeals to consider claims that were never reviewed by the district court, or force the district court to review every issue in every case, no matter how thorough the magistrate's analysis and even if both parties were satisfied with the magistrate's report. Either result would be an inefficient use of judicial resources. *Id.* at 147–48, 106 S.Ct. at 471.

The Court further stated:

> It seems clear that Congress would not have wanted district judges to devote time to reviewing magistrate's reports except to the extent that such review is requested by the parties[.] *Id.* at 153, 106 S.Ct. at 474.

The Court did not, however, compel the adoption of this rule by all the courts of appeals.

the Sixth Circuit for focusing on the plain meaning of the words "now" and "current," it is an "elementary principle of statutory construction that ordinarily the plain meaning of statutory language controls, *i.e.,* 'words should be given their common and approved usage.'" *United Scenic Artists v. NLRB,* 762 F.2d 1027, 1032 n. 15 (D.C.Cir.1985) (citing 2A Sutherland, *Statutory Construction* § 46.06, at 74 (4th ed.1984)).

"Any determination" under 42 U.S.C. § 1382c(a)(4) is to be made "on the basis of *all the evidence available in the individual's case file,* including *new evidence* concerning the individual's prior or *current condition* which is presented by the individual...." *Id.* (emphasis supplied). In addition, the statutory references to "now" and "current," construed according their common usage, require that at all stages of review, the claimant's present condition must be considered. The plain and unambiguous meaning of this provision thus directs that ALJ should have made his determination using evidence relating to Mr. Aikens' condition at the time of the hearing.[8]

The legislative history and applicable regulations similarly support this conclusion. The congressional record establishes that there is a general requirement that the Commissioner take into account "any additional information concerning [the] claimant's *current or prior condition.*" H.R. Conf. Rep. No. 1039, 98th Cong., 2d Sess. 24, *reprinted in* 1984 U.S.C.C.A.N. 3080, 3082. (emphasis supplied). In addition, the MIRS (the regulations promulgated by the SSA to implement the Reform Act) also require the SSA to "show that [the claimant] [is] currently able to engage in substantial gainful activity before we can find that you are no longer disabled." 20 C.F.R. § 416.994(b). In so doing, the SSA must consider any "current impairments" and their effect on the claimant's "current ability to engage in substantial gainful activity" before reaching a final decision. *See* 20 C.F.R. § 416.994(b)(5)(vii). The SSA has also stated that in deciding whether medical improvement is related to the ability of the claimant to do work, the SSA must determine whether there has been any "increase in the individual's functional capacity to do basic work activities since the most recent favorable medical determination. This is done by comparing the functional capacity assessment made at the time of the most recent determination to the current functional capacity." 50 Fed.Reg. 50,118, 50,119–20 (1985). Even when the SSA finds that the claimant has shown medical improvement, the claimant must still be found to be able to engage in substantial gainful activity before disability benefits can be terminated. Such a determination "will be based on all the person's impairments (including any subsequent impairment(s)) that may have arisen since the most recent favorable medical decision." *Id.* at 50,120.

Particularly noteworthy is the fact that during the comment period, the SSA expressly stated that the result it urged in *Difford* and now before this court would not occur. Specifically, one commenter expressed the fear that during the review process only the claimant's condition existing at the time of the most recent favorable decision would be considered. The SSA expressly stated that this would not be the case:

> While only the impairment(s) which existed at the time of the prior decision will be compared in making the medical improvement decision and, if needed, the decision as to whether medical improvement is related to the person's ability to work, no one will be found to be no longer disabled unless he or she is now able to engage in SGA when all his or her current impairments have been considered.... This provision allows consideration of all impairments in assessing whether a person meets the definition of disability and provides

---

8. The court also notes that efficiency and the minimization of bureaucratic hurdles are by-products of such a result. Mr. Aikens' situation is a case in point. It makes no sense for the ALJ in 1992, more than eleven years after the original favorable decision, to ascertain whether or not at the time of that decision Mr. Aikens was entitled to benefits. It is eminently more reasonable for the ALJ to consider Mr. Aikens' current condition and determine whether he is presently entitled to such benefits. This outcome would comport with the regulations stated objective "which is to assure an accurate, fair, *administratively efficient* and nationally consistent review process within the meaning of the law." 50 Reg. 50,118 (1985) (emphasis supplied).

that only persons who have medically improved and can presently do SGA are found no longer disabled.

*See id* at 50,122. Finally, 20 C.F.R. § 416.1400(b) provides:

> In each step of the review process, you may present any information you feel is helpful to your case. Subject to the limitations on Appeals Council consideration of additional evidence (see §§ 416.1470(b) and 416.1476(b)), we will consider at each step of the review process any information you present as well as the information in our records.[9]

In sum, the statute, its history and implementing regulations, direct that the ALJ should have considered Mr. Aikens' condition existing at the time of the 1992 hearing.

### 2. Waiver

■ In her objections, the Secretary raises, for the first time in this protracted litigation, a new argument. Namely, she argues that the term "any determination" in 42 U.S.C. § 1382c(a)(4) is ambiguous. The Secretary therefore would like this court to frame the fundamental issue in this case as being whether or not the phrase "any determination" refers only to the initial cessation determination (November 30, 1981) and not to the 1992 disability hearing. The Secretary maintains that because the phrase "any determination" is ambiguous, the court should defer to its interpretation—that the term refers only to the initial cessation decision. The Secretary faults the *Difford* court for not addressing the purported ambiguity surrounding the phrase "any determination." The Secretary, however, did not raise this argument before the Sixth Circuit or the Magistrate Judge.[10] One can hardly fault them for not addressing such an argument. It is not the obligation of a court to canvass a

statute in search of possible ambiguities—it is the litigants' duty to do so.

The Secretary goes on to posit that the Magistrate Judge and the Sixth Circuit incorrectly focused on the words "now" and "current" in the statutory provision and implementing regulations. Nowhere in its objections, however, does the Secretary take issue with the Sixth Circuit's interpretation of the words "now" and "current." It is clear to this court that the Secretary's position is that those words are not ambiguous but that the term "any determination" is. The Secretary thus faults the Sixth Circuit for its focus not for its conclusion.

The SSA's position is unavailing. As previously stated, the Secretary is entitled to a *de novo* review, by this court, of the recommendations to which it objected. *Borden v. Sec. of Health and Human Services,* 836 F.2d 4, 5 (1st Cir.1987) (citing *Mathews v. Weber,* 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976)). She is not, however, entitled to a *de novo* review of an argument never raised. *Id.* (internal citations omitted). The Secretary has never previously raised the argument that it now contends is dispositive of the issue before the court.[11]

Magistrate Judges fulfill an important role within the federal judiciary by assuming some of the burden imposed upon the district courts by a rising caseload. "The purpose of the Federal Magistrate's Act is to relieve courts of unnecessary work." *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603, 605 (1st Cir.1980). "It would defeat this purpose if the district court was required to hear matters anew on issues never presented to the magistrate." *Id.* "Common sense and efficient judicial administration dictate that a party should not be encouraged to make a partial presentation before the magistrate on a major motion, and then make another at-

---

9. In cases that do not involve an application for benefits, such as this case, "the Appeals Council shall evaluate the entire record including any new and material evidence submitted."

 20 C.F.R. § 416.1470(b); *see also* 20 C.F.R. § 416.1476(b)(2).

10. Before the Sixth Circuit, the Secretary focused on the word "current." *See Difford,* 910 F.2d at 1319–20.

11. A careful review of the record establishes that after this court referred the outstanding motions to the Magistrate Judge, the SSA never requested an opportunity to supplement its submissions to include this newly developed argument.

tempt entirely when the district judge reviews objections to an adverse recommendation issued by a magistrate." 7 J. Moore, *Moore's Federal Practice* ¶ 72.04 [10.–2] at 72–71. Consequently, the Secretary's failure to raise this argument constitutes a waiver of that argument. *See Paterson–Leitch Co., Inc., v. Massachusetts Municipal Wholesale Electric Co. et. al.,* 840 F.2d 985 (1st Cir. 1988) (holding "categorically that an unsuccessful party is not entitled as of right to de novo review by the judge of an argument never seasonably raised before the magistrate"); *Marshall v. Chater,* 75 F.3d 1421, 1427–28 (10th Cir.1996) (stating that "[i]ssues raised for the first time in objections to the magistrate judge's recommendations are deemed waived."); *Greenhow v. Secretary of Health & Human Servs.,* 863 F.2d 633, 638–39 (9th Cir.1988) ("[A]llowing parties to litigate fully their case before the magistrate and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrate Act") *overruled on other grounds by United States v. Hardesty,* 977 F.2d 1347 (9th Cir.1992), *cert. denied,* 507 U.S. 978, 113 S.Ct. 1429, 122 L.Ed.2d 797 (1993); *Cupit v. Whitley,* 28 F.3d 532, 535 n. 5 (5th Cir.1994), *cert. denied,* — U.S. —, 115 S.Ct. 1128, 130 L.Ed.2d 1091 (1995) (applying the same rule); *Anna Ready Mix, Inc. v. N.E. Pierson Const. Co.,* 747 F.Supp. 1299 (S.D.Ill. 1990) (finding that Congress intended that the magistrate be the first to hear all arguments and that absent compelling reasons argument raised for the first time in the objections ought to be disregarded); *see also Singh v. Superintending School Committee,* 593 F.Supp. 1315, 1318 (D.Me.1984); *Pawlowski v. Kelly,* 932 F.Supp. 475, 489 (W.D.N.Y.1995); *U.S. v. Ho,* 930 F.Supp. 858, 864 (W.D.N.Y.1995); *Mitchell v. Chater,* 918 F.Supp. 675, 685 (W.D.N.Y.1995); *Reich v. Hercules, Inc.,* 857 F.Supp. 367 (D.N.J. 1994); *O'Neil v. Appel,* 165 F.R.D. 479, 482 (W.D.Mich.1996); *Anna Ready Mix, Inc. v. N.E. Pierson Construction, Co. Inc.,* 747 F.Supp. 1299, 1303 (S.D.Ill.1990); *Schaap v. Executive Industries,* 760 F.Supp. 725 (N.D.Ill.1991); *Motorola v. Alexander Mfg.*

*Co.,* 786 F.Supp. 808, 810 (N.D.Iowa 1991); *Parrott v. Commissioner SSA,* 914 F.Supp. 147, 149 (E.D.Tex.1996).

Parties must take before the Magistrate Judge, "not only their 'best shot' but all of their shots." *Singh v. Superintending School Committee,* 593 F.Supp. 1315, 1318 (D.Me.1984). "This concept is premised on the same basis as the rule that an appellate court will not consider arguments not raised below except in the most compelling circumstances." *Borden,* 836 F.2d at 5; *see also Johnston v. Holiday, Inns,* 595 F.2d 890, 894 (1st Cir.1979). Were the court to consider the Secretary's new argument, the purpose of the Magistrate's Act would be eviscerated. Before a Magistrate Judge, parties would not present their best case, but rather, await the Magistrate Judge's report, "and thereafter and only if necessary, expend the resources needed to file objections in the District Court." *Grant v. Shalala,* 1995 WL 322589 (W.D.N.Y.); *see also Paterson–Leitch Co. v. Mass. Municipal Wholesale Elec. Co.,* 840 F.2d 985, 991 (1st Cir.1987) (stating that "[s]ystematic efficiencies would be frustrated and the magistrate's role reduced to that of a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round."); *Pro-Choice Network of Western New York v. Project Rescue,* 848 F.Supp. 400, 403 (W.D.N.Y.1994) (stating that "[t]his rule applies with even greater force to a party who has failed to raise any timely argument before the magistrate judge. To allow otherwise would render the procedure for reports and recommendations ineffective[.]"). "[I]t would be fundamentally unfair to permit a litigant to set its case in motion before the magistrate, wait to see which way the wind was blowing, and—having received an unfavorable recommendation—shift gears before the district court." *Paterson–Leitch Co.,* 840 F.2d at 991. Accordingly, this court will not consider "an argument which could have been, but inexplicably was not, presented" to the Magistrate Judge in the first instance. *Id.*[12] If the ambiguity in the term

---

12. Courts have deviated from this rule only in rare and exceptional circumstances. For instance, in *Santos v. Chater, Commissioner of the Social Security Administration,* 942 F.Supp. 57

"any determination" was so apparent,[13] it is inconceivable to this court that the Secretary not have raised it at an earlier juncture in this litigation or before the Court of Appeals for the Sixth Circuit.[14]

### C. Modifications of the Magistrate Judge's Report and Recommendation

The Magistrate Judge's report will be modified in two respects. First, the Magistrate Judge's recommendation that this court deny Mr. Aikens' request for attorneys' fees is rejected. Mr. Aikens has not yet filed such a request. Second, the Magistrate Judge's recommendation that this court remand this case to the ALJ so that he may specify whether in fact he considered evidence relating to Mr. Aikens' condition existing at the time of the 1992 hearing is rejected. The Magistrate Judge found that the ALJ had not considered such evidence. The Secretary has not objected to this finding. Accordingly, it has acquiesced to this conclusion. *See* pgs. 19–20, *supra.* Moreover, the Secretary concedes this point. *Id.* Finally, an independent review of the record establishes to this court that the ALJ did not consider this evidence.

This case shall be remanded to the SSA so that the ALJ may determine whether, based on all the presently existing evidence, Mr. Aikens is entitled to SSI benefits. It is clear that the ALJ only considered evidence existing at the time of the 1980 determination. The ALJ should be afforded the opportunity to apply the correct standard of review using all the presently available evidence; especially considering that five years have elapsed since the 1992 hearing.[15] Consequently, the most prudent course is to remand the case to the SSA.

For the foregoing reasons, it is this 19th of February 1997,

**ORDERED** that the Magistrate Judge's Report and Recommendation be and is hereby adopted in part and modified in part; the report is modified in two respects:

(1) the report's recommendation that this court deny plaintiff's request for attorneys' fees is REJECTED because no such request has been filed with this court; and

(2) the report's recommendation that this court remand the case to the Social Security Administration so that the ALJ consider Mr. Aikens' condition existing at the time of the 1992 hearing is REJECTED because the Magistrate Judge found that the ALJ had not in fact considered such evidence. The Secretary did not object to this conclusion and so she is deemed to have acquiesced to that portion of the report.[16] Moreover, the court, upon an independent review of the record concludes that the ALJ did not

(D.Mass.), the defendant raised an important issue for the first time in its objections to the Magistrate Judge's report. *Id.* at 62. The issue arose from a statute that was promulgated after the motions had been filed and fully briefed before the Magistrate Judge. *Id.* The court observed that "it is true that, ideally, an attorney might have noticed the enactment and quickly filed a supplemental objection ... [however], the requirement of such Argus-eyed punctiliousness seems overly strict." *Id.* at 63. The court also noted that the plaintiff would suffer no prejudice and the issue was of "significant public moment, approaching constitutional magnitude." *Id.* As a result of these factors, the court made an exception to a rule it recognized as having been well established.

**13.** This court is not convinced that any ambiguity exists in the term "any determination." Webster's defines "any" as meaning: every or all. *See* Webster's Third New International Dictionary 97 (3rd ed.1993). The word "any" is thus a word of inclusion; not exclusion. As used in the statute, the word "any" seems to encompass "all" and "every" determination(s); not only the initial cessation decision.

**14.** *See Health Corporation of America, Inc. v. New Jersey Dental Association,* 77 F.R.D. 488 (D.C.N.J.1978) (holding that the defendants' failure to raise their "most impressive" and potentially determinative argument before the Magistrate Judge constituted a waiver of that argument).

**15.** When a case is remanded to the SSA, the ALJ may consider "any issue relating to [Mr. Aikens'] claim ... whether or not they were raised in the administrative proceedings leading to the final decision in [his] case." *See* 20 C.F.R. § 416.1483.

**16.** In addition, the Secretary concedes this point. *See* pgs. 19–20, *supra.*

consider Mr. Aikens' condition as it existed at the 1992 hearing; and it is

**FURTHER ORDERED** that the report's recommendation that this court follow the Sixth Circuit's interpretation of 42 U.S.C. § 1382c(a)(4) be and is hereby ADOPTED; and it is

**ORDERED** that all other portions to which the parties filed no objections be and are hereby ADOPTED in their entirety; and it is

**FURTHER ORDERED** that Mr. Aikens' motion for judgment of reversal be and is hereby GRANTED; and it is

ORDERED that this case be remanded to the Social Security Administration with the following instruction: The ALJ is to consider all the *presently existing* evidence in determining whether or not Mr. Aikens is entitled to SSI benefits; and it is

**FURTHER ORDERED** that this case be closed from the docket of this court; and it is

**ORDERED** that upon a final determination by the Social Security Administration, the parties shall have 30 days (from the date of that determination) to move this court for review of that decision.

**SO ORDERED.**